IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FABIAN CHEVALIER MILLS,<br>   Petitioner,<br> vs.<br>D.L. RUNNEL, Warden,<br>   Respondent. | Case No. 2:03-cv-0264 (JKS)<br><br>ORDER |

  Petitioner, a state prisoner proceeding pro se, has filed this application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local General Order No. 262.

  On June 1, 2006, the magistrate judge filed findings and recommendations herein, which were served on all parties, and which contained notice to all parties that any objections to the findings and recommendations were to be filed within fifteen days.  Petitioner has filed objections to the findings and recommendations.

  In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 72-304, this Court has conducted a *de novo* review of this case.  Having carefully reviewed the entire file, with particular attention to those portions relevant or pertinent to the objections raised, the Court finds the findings and recommendations to be supported by the record and by proper analysis.

  In his objections, Petitioner reiterates his two basic arguments.  First, Petitioner argues there was insufficient evidence of identity to support his conviction.  The record contains substantial evidence, including the eyewitness identification and the attendant circumstantial evidence, from

which a reasonable trier of fact could have found Petitioner guilty beyond a reasonable doubt. Having carefully reviewed the evidence, the Court agrees with the magistrate judge that the California Court of Appeal's rejection of Petitioner's insufficient evidence argument was not contrary to or an unreasonable application of federal law or based on an unreasonable determination of the facts.

Second, Petitioner argues that his attorney's failure to object to the victim's testimony suggesting Petitioner had burgled her home several days prior to the events at issue constituted ineffective assistance of counsel. The magistrate judge was correct to conclude that Petitioner's ineffective assistance claim fails for lack of prejudice. The victim's vague testimony about the first burglary could not have been construed as evidence of the second burglar's identity. The victim admitted she did not see the first burglar because she was asleep during the first burglary. Thus, as the magistrate judge pointed out, her vague testimony about the first burglary merely speculated that the man she directly identified as the second burglar may also have been the first. This testimony was irrelevant, but its exclusion would not have led to an outcome more favorable to Petitioner.

Accordingly, **IT IS HEREBY ORDERED** that:

1. The findings and recommendations filed June 1, 2006, are adopted in full; and
2. Petitioner's application for writ of habeas corpus is denied.
3. The Clerk shall enter judgment in favor of the Respondent.

Dated this the 13th day of December 2007.

/s/ James K. Singleton, Jr.
**JAMES K. SINGLETON, JR.**
United States District Judge

ORDER

2